UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Debra Simmons, ) | |
| ) | C/A No: 3:04-CV-1112-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Jo Anne Barnhart, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(b) (West 1994). Debra Simmons ("Simmons") seeks attorney's fees for services rendered in the above-captioned social security action in "the market rate amount" of Seven Thousand Two Hundred Seventy-five Dollars ($7,275.00). (Pl.'s Mem. Supp. Mot. Att'y's Fees 3.) Simmons alleges that the Government acted in bad faith in denying her claim for social security benefits, and as such, submits that she is entitled to attorney's fees based on the prevailing market rate under § 2412(b). Jo Anne Barnhart ("Commissioner") objects to the request for attorney's fees based on the prevailing market rate, but does not object to an award of attorney's fees based on the cap imposed by Congress for attorneys' fees under § 2412(d)(1)(A).

Section 2412(b) provides that

> a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency . . . of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law . . . .

1

If the government has litigated in bad faith "it is subject to a common law attorney fee award based upon prevailing market rates." Sullivan v. Sullivan, 958 F.2d 574, 577 n.8 (4th Cir. 1992). "The bad faith exception allows an award where the losing party has willfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 577-78 n.8 (internal quotation marks omitted).

Simmons alleges that the administrative law judge ("ALJ") acted in bad faith by failing to apply the treating physician's rule and failing to properly assess Simmons' complaints of pain both in direct contravention of the controlling law in the Fourth Circuit. Simmons further alleges that "[d]espite overwhelming medical evidence from treating sources, the ALJ relied upon a medical opinion which was based upon a one-time examination." (Pl.'s Mem. Supp. Mot. Att'y's Fees 2-3.)

The court reversed the ALJ's decision because it was not based on substantial evidence. However, although the ALJ's decision was not based on substantial evidence, the ALJ did not engage in bad faith in deciding Simmons' case. The treating physician's rule does not require that the opinions of the treating physician be accorded controlling weight. See, e.g., Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) ("Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight.") As such, the ALJ did not engage in bad faith by according the opinion of the consulting physician more weight than a treating physician's opinion. In addition, the court finds that the ALJ did not act in bad faith in assessing Simmons' pain. Therefore, Simmons' motion for attorney's fees at the prevailing market rate under § 2412(b) is denied. However, the Commissioner

does not object to an award of attorney's fees under § 2412(d)(1)(A) in the amount of Four Thousand Three Hundred Seventy-six Dollars and Ninety-three Cents ($4,376.93) (calculated at $150.41 per hour times 29.1 attorney hours).

Therefore, it is

**ORDERED** that Simmons' motion for attorney's fees at the prevailing market rate under § 2412(b) is denied. It is further

**ORDERED** that Simmons is awarded a fee in the amount of Four Thousand Three Hundred Seventy-six Dollars and Ninety-three Cents ($4,376.93) pursuant to § 2412(d)(1)(A).

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 26, 2005